■ FRANCES ROBINSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County, entered June 21, 1977, denying proposed defendant's motion to vacate a default in opposing proposed plaintiff's renewed motion to serve a late notice of claim, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs and without disbursements; and said motion to vacate default is granted; the proposed opposing affirmation of Milton M. Miller, dated June 1, 1977, is deemed interposed as of the date of the order determining this appeal; and proposed plaintiff's motion for leave to serve a *late notice of claim may be resubmitted by either party to Special Term on* five days' notice for determination on the merits. The proposed plaintiff's previous motion to file a late notice of claim was denied on March 16, 1977, with leave to renew on proper papers. On that original motion, the retained attorneys appeared for proposed defendant. Proposed plaintiff then served a new notice of motion for the same relief. Instead of serving it upon the attorneys who had appeared on the previous application, as would be required by CPLR 2103 (subd [b]) in the case of a renewal, proposed plaintiff served a new notice of motion on the proposed defendant directly. The resulting delay involving proposed defendant sending the papers to its insurance company, which in turn had to send them to the attorneys, is largely responsible for the default. This was not a case of law office failure on the part of the proposed defendant but rather of defective service by proposed plaintiff. Such minor delay as occurred thereafter on the part of proposed defendant did not warrant depriving proposed defendant of the opportunity to oppose the motion on the merits. Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.