■ MAC K. FRANCE, Respondent, v AL BEDA et al., Appellants. — Judgment of the Supreme Court, New York County (Gabel, J.), entered June 18, 1980, which adjudged that plaintiff recover from defendants $32,621.72 ($32,146.72 damages, plus $400 interest, plus $75 costs and disbursements) based on the fact that plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, involving an instrument for payment of money only, to wit: a guarantee was granted, unanimously reversed, on the law, without costs, the motion for summary judgment denied and the judgment vacated. The parties shall serve formal pleadings beginning with plaintiff's complaint to be served within 20 days after entry of the order on this appeal. The written guarantee upon which the motion was based was signed by the defendants, each of whom in the presence of plaintiff's representative appended to his (defendant's) signature a word or term indicative of a representative capacity. Assuming the words added reflect corporate office, it is difficult to believe that a creditor would accept a guarantee of a corporate debtor to pay the corporation's own debts to the creditor. However, on the record before us, that possibility exists.

The purpose of a motion for summary judgment is not to resolve issues but to determine whether factual issues exist *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Magi Communications v Jac-Lu Assoc.,* 65 AD2d 727, 729). There are factual issues as to whether the defendants signed the guarantee in an individual or corporate capacity *(Salzman Sign Co. v Beck,* 10 NY2d 63, 67). Concur — Birns, J.P., Ross, Markewich and Fein, JJ.