■ RUDOLPH JOHN, Plaintiff, v CITY OF NEW YORK et al., Defendants. CHIOS CONSTRUCTION CORP., Third-Party Plaintiff-

Appellant, v C&T IRONWORKS, Third-Party Defendant-Respondent. (And Other Actions.) [688 NYS2d 40] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 10, 1997, which, upon the grant of third-party defendant's motion to renew and reargue, vacated a prior order, same court and Justice, entered on or about May 23, 1997, which order had vacated a default order, same court and Justice, entered January 24, 1997, granting third-party defendant's cross motion to dismiss the third-party complaint for non-compliance with discovery, unanimously affirmed, without costs.

The court has broad discretion to grant renewal and properly did so here, where third-party defendant did not have notice of third-party plaintiff's prior motion to vacate a default and submitted additional information not previously before the court on the motion to vacate (*Frampac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36; *see also, Robinson v New York City Hous. Auth.*, 61 AD2d 746).

On renewal, the court properly reinstated the default order dismissing the third-party complaint. A party seeking vacatur of a default must demonstrate both that it has a meritorious claim or defense and a reasonable excuse for the default (*Goncalves v Stuyvesant Dev. Assocs.*, 232 AD2d 275). Here, even if the failure of third-party plaintiff's attorney to appear in court for oral argument is excused as law office failure, no excuse at all was given for the failure to respond to the motion to preclude (*supra*). Nor were the conclusory assertions of third-party plaintiff's attorney and the unverified pleadings submitted sufficient to demonstrate the merit of its underlying claim (*supra*; *Cooper v Badruddin*, 192 AD2d 997). The absence of an affidavit of merit will not be excused where, as here, non-compliance is willful and contumacious (*cf., Wasserman v Manoco Co.*, 100 AD2d 758; *see, Williamson v City of New York*, 249 AD2d 248). In reinstating the default order, the IAS Court properly disregarded the technical defect in third-party defendant's underlying cross motion seeking dismissal of the third-party complaint for non-compliance with court-ordered discovery, since third-party plaintiff had notice of the motion and an opportunity to be heard. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.