■ SIDNEY HUNT, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [721 NYS2d 41] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered May 15, 2000, which, in an action for personal injuries sustained when plaintiff slipped and fell on stairs leading to the entrance of a building owned and operated by defendant Housing Authority, denied plaintiff's motion to vacate plaintiff's default in opposing a prior motion by defendant to strike so much of plaintiff's bill of particulars as alleges inadequate lighting as a contributing cause of the accident, or, in the alternative, to deem plaintiff's notice of claim amended so as to include inadequate lighting as a contributing cause of the accident, unanimously affirmed, without costs.

Plaintiff's attorney's representation that his office "misdiaried" the motion, and that such law office failure was the reason for plaintiff's failure to oppose defendant's motion to strike the new allegations in the bill of particulars regarding inadequate lighting, perhaps explains the failure to appear at oral argument, but does not explain the failure to submit opposition papers to the motion, which was twice adjourned at plaintiff's request (*see, John v City of New York*, 260 AD2d 187). In any event, even if there were no default, we would reject plaintiff's effort to claim that his slip and fall was caused not only by

snow and ice on the stairs, as alleged in his notice of claim, but also by inadequate lighting. Plaintiff's General Municipal Law § 50-h hearing testimony, taken five months after the accident, was too vague to give defendant notice of the essential facts constituting the current claim based on inadequate lighting. Indeed, nowhere at that hearing did plaintiff claim that inadequate lighting was a causative factor of the incident. Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Saxe, JJ.