(December 19, 2002)

■ VIOLET GAYLE, Respondent, v SANDRA PARKER, Appellant. [752 NYS2d 51] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered October 26, 2001, which granted plaintiff's motion to vacate a prior order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about July 6, 2001, granting, on plaintiff's default in appearing, defendant's motion to dismiss the complaint pursuant to CPLR 3215 (c), unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to vacate denied, and the prior order dismissing the complaint pursuant to CPLR 3215 (c) reinstated. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Under the undisputed facts presented, plaintiff's failure to offer any opposition to defendant's motion to dismiss the complaint pursuant to CPLR 3215 (c) was not excusable within the meaning of CPLR 5015 (a) (1). Although law office failure may be accepted as a reasonable excuse (CPLR 2005), plaintiff's proffered excuse that her attorney's father unexpectedly died on the motion's return date is unavailing under the circumstances of this case. Three other attorneys in the same office had handled the matter for plaintiff on prior occasions, the motion had already been adjourned three times at plaintiff's request, and, even if the death of the attorney's father could explain the failure to appear for oral argument, it does not explain the failure to submit opposition papers (*see Hunt v New York City Hous. Auth.*, 280 AD2d 391, *lv dismissed* 97 NY2d 638). The default in responding to the motion is rendered further inexcusable in light of the fact that plaintiff had previously allowed the action to lie completely dormant for approximately 10 years (*see De La Barrera v Handler*, 290 AD2d 476, 477).

Even if plaintiff's default in appearing on the motion to

dismiss could be deemed excusable, plaintiff fails to offer any meritorious defense to that motion. Specifically, plaintiff does not suggest even the semblance of an excuse for her failure to take any steps to enter judgment against the decedent, the original defendant in this action, for the nearly five years from the decedent's default in answering the complaint in 1989 until her death in 1994. During that period, and continuing thereafter until 1999, plaintiff allowed the action to lie totally dormant. Plaintiff's failure to take proceedings for entry of judgment for even one year after the decedent's default required that the complaint be dismissed as abandoned in the absence of a showing of sufficient cause to allow the action to proceed (CPLR 3215 [c]). The answer interposed in May 1999 by counsel retained by the decedent's insurer, then unaware of the decedent's death, did not waive plaintiff's default under CPLR 3215 (c), because the interposition of such answer was a nullity, like all other proceedings taken between the decedent's death and the effective substitution of the decedent's executrix as defendant (*see e.g. Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820). Although the June 2001 order substituting the executrix as defendant purported to make the substitution effective nunc pro tunc to a date in 1995, the substitution cannot be given effect retroactive to a time when the executrix was not actually defending the action, since "[a]n order may not be made nunc pro tunc which will supply a jurisdictional defect by requiring something to be done which has not been done" (*Stock v Mann*, 255 NY 100, 103). Concur— Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.