■ 481 REALTY CORP., Appellant, v SOHO GALLERY, INC., Doing Business as LAZARO JEWELRY & HOME FURNISHINGS, et al., Respondents. [945 NYS2d 558]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 5, 2011, which granted defendants' mo-

tion to vacate the court's prior order directing an inquest and assessment of damages upon defendants' default in appearing and answering the complaint, unanimously affirmed, without costs.

Upon defendants' second motion, seeking to vacate their failure to appear at the oral argument of their prior motion to vacate their default in answering the complaint, the court providently exercised its discretion in vacating defendants' underlying default. The court found that defendants sought to vacate their default when it became known to them, that the motion to vacate the default was not untimely and that plaintiff would not be prejudiced by the granting of vacatur. Defendants also set forth sufficient factual allegations to demonstrate their potentially meritorious defenses (CPLR 5015; *see e.g. D&R Global Selections, S.L. v Bodega Olegario Falcón Piñeiro*, 90 AD3d 403, 406 [2011]). Contrary to plaintiff's claim, the court was entitled to vacate the underlying default upon defendants' second motion (*see IDX Capital, LLC v Phoenix Partners Group LLC*, 72 AD3d 576 [2010] [court is "well within its continuing jurisdiction to reconsider any prior intermediate determination it has made"]). Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.