■ JOHN WILEY & SONS, INC., et al., Appellants, v PIERRE GROSSMAN, Respondent. [18 NYS3d 610]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 29, 2015, which, to the extent appealed from, granted defendant's motion to vacate the default judgment against him, unanimously reversed, on the law, with costs, and the motion denied.

The motion to vacate the default judgment should not have been granted since defendant failed to demonstrate a reasonable excuse for his delay in appearing (*see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; CPLR 5015 [a] [1]). The record shows that plaintiffs commenced

this action on February 4, 2013 and served defendant pursuant to CPLR 308 (2) on February 11. As can be seen from defendant's February 27, 2013 email to plaintiffs, in which he threatened them with litigation in Brazil if they did not withdraw the instant action, he had actual notice of this lawsuit by that date. Furthermore, by his own admission, defendant was aware by September 2013 that the court had granted plaintiffs' motion for a default judgment, yet he did not try to vacate it until January 8, 2014 at the earliest. This delay, coupled with defendant's conduct in a similar federal litigation, demonstrates that his failure to answer the complaint was willful and "part of a pattern of dilatory behavior" (*D&R Global Selections, S.L. v Bodega Olegario Falcón Piñeiro*, 90 AD3d 403, 405 [1st Dept 2011] [internal quotation marks omitted]; *see also Cipriano v Hank*, 197 AD2d 295, 297-298 [1994]).

Defendant's belief, based on his own research, that he did not have to answer the complaint because plaintiffs had not served him either in person in New York or via letters rogatory in Brazil, does not constitute a reasonable excuse (*see Morgenthau v Avion Resources Ltd.*, 11 NY3d 383, 390-391 [2008]; *see also D&R Global Selections, S.L.*, 90 AD3d at 405). Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.