■ ELEANOR JOHNSON-ROBERTS, Appellant, v IRA JUDELSON BAIL BONDS et al., Respondents. [34 NYS3d 421]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about May 1, 2015, which granted defendants' motion to vacate the default judgment that had been entered against them, unanimously reversed, on the law, with costs, and the motion denied.

As we have held often, there exists a strong public policy in favor of disposing of cases on their merits (*see e.g. Goncalves v Stuyvesant Dev. Assoc.*, 232 AD2d 275, 276 [1st Dept 1996]). However, this policy does not relieve a party moving to vacate a default from satisfying the two-pronged test of showing both (1) a reasonable excuse for the default; and (2) a meritorious defense to the action (*id.*; *see DTG Operations, Inc. v Excel Imaging, P.C.*, 119 AD3d 410 [1st Dept 2014]).

Here, the motion court should not have granted defendants' motion to vacate the default judgment. As to the first prong, defendants failed to demonstrate a reasonable excuse for their default (*see John Wiley & Sons, Inc. v Grossman*, 132 AD3d 559, 559 [1st Dept 2015]). Defendants' counsel never substantiated or explained the nature of the "serious family matter" that purportedly caused the default. At most, counsel had an ex parte communication with the motion court about the facts of this action, and, during that communication, may or may not have revealed the facts surrounding the family matter. This ex parte communication is an insufficient basis upon which to vacate a default judgment, especially where, as here,

the details of the communication are not even known (*see Fuller v Tae Kwon*, 259 AD2d 662, 662 [2d Dept 1999]).

Defendants also fail to explain why their counsel's family matter was so serious that it kept him from either interposing an answer or responding to plaintiff's motion for a default judgment. Certainly, the record contains no adequate explanation for why the law firm representing defendants failed to communicate with plaintiff's counsel for nearly five months, even to inform counsel that a family emergency prevented defendants from timely responding to the litigation (*see Whittemore v Yeo*, 99 AD3d 496, 496 [1st Dept 2012]; *Gayle v Parker*, 300 AD2d 145, 145 [1st Dept 2002]). What is more, two attorneys, only one of whom was affected by a family emergency, were representing defendants in this matter; nowhere do defendants explain why the other attorney representing them could not have taken the necessary steps to advance the litigation.

As to the second prong, although defendants asserted that they were entitled to a premium payment because they executed and posted a bail bond, this assertion does not present a meritorious defense to plaintiff's action. Although execution of the bond is a condition precedent for retaining a premium payment, defendants failed to present any documentary evidence that they had actually executed and posted any bond (*see John Harris P.C. v Krauss*, 87 AD3d 469, 469 [1st Dept 2011]). Likewise, defendants presented no evidence that the motion court ever conducted an examination of surety.

We have considered the parties' remaining contentions, and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.