Home Care Associates, Inc. d/b/a Home Instead Senior Care, Plaintiff-Appellant,
against
Stephen M. Smith, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Paul A. Goetz, J.), dated January 5, 2017, which granted defendant's motion pursuant to CPLR 317 to vacate a default judgment.




Per Curiam.
Order (Paul A. Goetz, J.), dated January 5, 2017, affirmed, with $10 costs.
Given the strong public policy of this State to dispose of cases on the merits (see Johnson—Roberts v Ira Judelson Bail Bonds, 140 AD3d 509 [2016]), the motion court providently exercised its discretion in granting defendant's motion to vacate the default judgment pursuant to CPLR 317. Defendant moved to vacate within a year after he learned of the default and less than two months after entry of the default order, he showed that he did not personally receive the summons and complaint in time to defend it, and he presented a potentially meritorious defense to the action to recover upon a guaranty (see Parker v Bonitas Youth Servs., Inc., 137 AD3d 644 [2016]; Steel Krafts Bldg. Materials & Supplies v Komazenski, 252 AD2d 731, 731-732 [1998]; Olivaria v Lin & Son Realty Corp., 84 AD3d 423 [2011]). Defendant's submissions were sufficient at this initial stage in the proceedings to set forth a potentially meritorious defense that the underlying agreement, which governed the provision of home health care to defendants' aunt and which contained a guaranty, was electronically executed by defendant in his representative capacity as health care proxy of his aunt, and not in his individual capacity (see L'Aquila Realty, LLC v Jalyng Food Corp., 148 AD3d 1004, 1006-1007 [2017]; France v Beda, 83 AD2d 802 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2017