Fisher v Lewis Constr. NYC Inc. (2020 NY Slip Op 00041)





Fisher v Lewis Constr. NYC Inc.


2020 NY Slip Op 00041


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10683N 655224/18

[*1] Jessica Fisher, Plaintiff-Respondent,
v
Lewis Construction NYC Inc., Defendant-Appellant.


William M. Pinzler, New York, for appellant.
Law Office of Steven R. Goldberg, New York (Steven R. Goldberg of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 18, 2019, which denied defendant's motion to vacate the default judgment against it, unanimously affirmed, with costs.
Defendant failed to establish a reasonable excuse for its default (see CPLR 5015[a][1]). Plaintiff properly served defendant corporation "by means of service upon the Secretary of State, and the records indicate that [it] was a viable corporation at the time" (Residential Bd. of Mgrs. of 99 Jane St. Condominium v Rockrose Dev. Corp., 17 AD3d 194, 194 [1st Dept 2005]). Service of process was complete when plaintiff served the Secretary of State (Business Corporation Law § 306[b][1]), "irrespective of whether the process subsequently reache[d] the corporate defendant" (Associated Imports v Amiel Publ., 168 AD2d 354, 354 [1st Dept 1990], appeal dismissed 77 NY2d 873 [1991]). Defendant's conclusory denial of receipt of service fails to rebut the presumption of proper service created by the affidavit of service (see Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]), and defendant's excuse that its registered address, where plaintiff mailed "additional service" and subsequent notices (Business Corporation Law § 306[b][2]; see CPLR 3215[g][4][I]), was not a reliable mail drop, is unavailing. By its own account, defendant's failure to answer appears to have been willful and dilatory (see John Wiley & Sons, Inc. v Grossman, 132 AD3d 559 [1st Dept 2015]).
Defendant also failed to show a lack of actual notice of the action (see CPLR 317). Both its principal and its attorney acknowledged they had actual notice before plaintiff served the Secretary of State, thereby giving it sufficient time to defend (see Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin, 126 AD3d 465, 465 [1st Dept 2015], lv dismissed 26 NY3d 953 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK