18-2929-cv

**IN THE**

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2019

SUBMITTED: JANUARY 8, 2020
DECIDED: MARCH 30, 2020

No. 18-2929-CV

LINDA COYLE,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee,*

UNITED STATES DEPARTMENT OF HOMELAND SECURITY TRANSPORTATION
SECURITY ADMINISTRATION,

*Defendant.*

————

Appeal from the United States District Court
for the Eastern District of New York
No. 13-cv-4138 – Vitaliano, *District Judge.*

————

Before: CALABRESI, LOHIER, AND PARK, *Circuit Judges*.

————

Linda Coyle alleges that on the morning of November 14, 2010, she tripped at the Transportation Security Administration ("TSA") checkpoint at the John F. Kennedy International Airport ("JFK" or "JFK Airport") in New York when her suitcase's wheels locked up as she attempted to roll it over a thick mat that TSA placed in the flow of foot traffic. The district court held that TSA's placement of this mat was non-negligent as a matter of law. After reviewing the totality of the circumstances we hold that, under New York's trivial defect doctrine, any identified defect in the condition or placement of the mat was trivial and hence non-negligent as a matter of law. We therefore AFFIRM.

—————————————

LOUIS THALER, Louis Thaler, P.A., Coral Gables, FL, *in support of Plaintiff-Appellant Linda Coyle.*

MATTHEW J. MAILLOUX (Varuni Nelson, Rachel G. Balaban, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY, *in support of Defendant-Appellee United States of America.*

CALABRESI, *Circuit Judge*:

# BACKGROUND

In many ways, this is a paradigmatic trip-and-fall case.[1] On Friday, November 12, 2010, Linda Coyle took a trip from Fort Lauderdale, Florida to New York City with her then-daughter-in-law-to-be, Candace Teruel, for Teruel's birthday. On Sunday, November 14, they returned to Fort Lauderdale through Terminal 5 of JFK Airport.

Coyle and Teruel arrived at JFK Terminal 5 at about 7:30 a.m. for their 9:35 a.m. flight. They proceeded through the TSA security screening without incident. At the end of the screening, Coyle put her shoes back on and collected her things from the screening machine—a shoulder bag, pocketbook, and a Rimowa brand,

---

[1] Because this case comes to us on the grant of the United States's motion for summary judgment, we resolve all factual disputes in Coyle's favor and grant her all reasonable inferences. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). This factual background is given from that vantage point. To the extent that relevant factual disputes exist within the record, we note them.

upright carry-on suitcase with four sets of wheels, two on each corner of the suitcase's bottom-side. She placed her suitcase on the ground and took a few steps forward. At that point, Coyle's suitcase locked up in front of her and abruptly stopped, propelling her forward over the suitcase and face first onto the floor.[2] Coyle had not looked at the floor before she fell and does not remember where she was looking at the time of her fall, although she assumes it was straight ahead.

Coyle got up from the floor and moved to a bench nearby, where someone (Coyle does not remember who) gave her a towel or tissue to address her bloody nose. While sitting on that bench, Coyle saw "rubber matting" that she believes caused her fall. Supp. App'x 80–81. Pictures of a mat in the JFK Terminal 5 TSA security area, taken by Coyle's expert during his limited inspection several years after Coyle's fall, are in the record. Coyle testified that she "can state with certainty" that this mat was "about the size and shape" of the one that she tripped over. Supp. App'x 105. The mat in the photos, however, has a bright

---

[2] Teruel testified that Coyle fell before going through the TSA's screening machine. At summary judgment, we take Coyle's account as the correct one.

yellow border, and Coyle testified that the mat which caused her fall was solid black. Coyle likewise alleges that the mat in the photographs, and the one on which she tripped, are obviously greater than one inch thick.[3] But there are no measurements of either the mat or its surroundings in the photographs provided, and so the dimensions of the mat cannot be conclusively determined.

While Coyle collected herself on a bench after her fall, a TSA Agent took her driver's license and boarding pass in order to create an incident report. When the agent returned her license and pass, Coyle asked for a copy of the incident report but was not given one. She was told instead that the incident was caught on videotape.[4]

---

[3] A TSA representative, by contrast, stated that all of the matting used by TSA is less than one inch thick.

[4] Neither the incident report nor the videotape was ever produced during this litigation. The government has said that this is because they do not exist. Indeed, while acceding to Coyle's version of events for the purposes of summary judgment, as it must, the government has elsewhere consistently defended this suit by saying that Coyle's fall-down event did not happen, and that TSA, to the best of its knowledge, did not use any mats at JFK Terminal 5 when Coyle alleges that she fell.

Coyle then went to a shop in the airport terminal to get ice for her nose (which she later discovered was broken). While there she took a photo of her swollen face with her cellphone. That photograph is time-stamped 8:42 a.m. Once she was on the plane, Coyle wrote a note to herself describing what had just happened to her. Coyle returned home without further incident and ultimately sought and received extensive treatment for the injuries she suffered as a result of the fall.

## PROCEDURAL HISTORY

Coyle filed suit in the Southern District of Florida on September 12, 2012, alleging government liability under the Federal Tort Claims Act ("FTCA"), and seeking various other forms of relief.

The Florida district court transferred this case to the Eastern District of New York on July 18, 2013. Coyle then amended her complaint, dropping all other claims and leaving only her FTCA claim.

Liability discovery closed on March 14, 2016, and the United States moved for summary judgment on October 20, 2016. The district court granted that

motion on August 8, 2018. Judgment was entered the same day, and Coyle

timely filed notice of appeal on October 3, 2018.

## DISCUSSION

### A. Standard of Review

We review a district court's decision to grant summary judgment *de novo*. *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015). In doing so, we draw all factual inferences and resolve all ambiguities in favor of the non-moving party. *Id.* "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

### B. Federal Tort Claims Act

Under the FTCA, the United States is liable for the negligent acts of federal employees acting in the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA adopts the law of the place where the negligent act or omission occurred

and treats the United States as if it were a private person being sued. *Id.*[5] Because Coyle's fall occurred at JFK Airport in Queens, New York, the parties agree that New York tort law applies.

To establish liability under New York law, a plaintiff must prove (1) that the defendant owed her a duty; (2) that the defendant breached that duty; and (3) that she suffered injuries proximately resulting from that breach. *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985). The United States does not dispute on appeal that it owed Coyle, a would-be passenger, a duty of reasonable care and that it created and controlled the condition that allegedly led to her fall. Likewise, at this stage, the government does not dispute that the mat was the proximate cause of Coyle's fall.[6]

---

[5] There is one exception, which is not relevant here. When a private person being sued in a master-servant relationship is found liable, the servant is liable as well as the master. In FTCA cases, however, the servant is not liable. *See* Daniel A. Morris, *Employees' immunity from personal liability*, Fed. Tort Claims § 7:4 (June 2019).

[6] *But see supra* footnote 4.

This case turns, then, on whether the United States breached the duty of care it owed to Coyle by placing the mat where it did. We find that there was no such breach.

We note, as an initial matter, that Coyle does not argue that there was a physical deformity or irregularity, *i.e.*, a chip, a dent, *etc.*, in the mat itself. Instead, she argues that the United States created a dangerous condition by placing a one-inch thick black mat onto the black floor of the TSA security screening area where it would be in passengers' paths.

While New York usually leaves questions of negligence like this one to factfinders, *see Hutchinson v. Sheridan Hill House Corp.*, 26 N.Y.3d 66, 77 (2015), it maintains an exception in slip-and-fall cases for what it calls the "trivial defect doctrine." *Id.* at 77. That doctrine has long recognized "that a defendant 'may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway . . . as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection.'" *Id.* at 78 (quoting *Guerrieri v. Summa*, 598 N.Y.S.2d 4, 5 (App. Div. 2d Dep't 1993)).

In other words, even if a condition causes a plaintiff to trip, it may still be sufficiently insignificant that a court may say, as a matter of law, that the

defendant's failure to fix that condition was not negligent. Significantly, it is the court, rather than a jury, that determines whether an alleged condition meets this triviality standard by reviewing "all the specific facts and circumstances of the case." *Id.* at 77.

The New York Court of Appeals has said that there are "cases in which a fact-finding court could examine photographs and justifiably infer from them as a matter of law that an elevation or depression or other defect is so slight as to be trivial as a matter of law." *Id.* at 83. We find that this is such a case. Usually, such a description of the accident conditions is proffered by the defendant in seeking to establish triviality. Here, however, it was Coyle who introduced the relevant evidence. And, based on Coyle's testimony as well as the photographs of the mat and its surroundings in the TSA screening area that Coyle presented, we conclude that TSA's use and placement of the mat over which Coyle tripped constituted a trivial condition, and hence can be held to be non-negligent as a matter of law.

Ordinarily, the evidence as to the conditions that led to a fall are contemporaneous with the incident. *See, e.g.*, *Simos v. Vic-Armen Realty, LLC*, 76 N.Y.S.3d 610, 612 (App. Div. 2d Dep't 2018). In this case, instead, the

photographs of the area and mat in the record were taken some years after Coyle's fall. But Coyle has attested that the mat in the photographs was approximately the same dimensions as the one on which she tripped, and that the photographed mat was placed at about the same place in the screening area—the end of the conveyor where passengers collect their things. This, for purposes of the triviality doctrine, suffices to establish the conditions that were in place when Coyle fell.

Coyle does note one difference between the mat in the photographs and the one that caused her fall. The photographed mat has a bright yellow border; the one that caused her injury, she asserts, was solid black. But, under the facts presented here, that fact does not affect our conclusion.

Our review of the record confirms that this was not a situation where Coyle was "naturally distracted from looking down at [her] feet" and for that reason did not notice that a mat was on the floor. *Hutchinson*, 26 N.Y.3d at 78. And Coyle has made no claim that the terminal was dimly lit, or crowded, or even that she was in a rush to make her flight. Indeed, even with the delay caused by her fall, there was still nearly an hour between Coyle leaving the TSA screening area and her flight's departure.

In the absence of any such variables, the presence of a floor mat placed on the floor, even a one-inch thick black mat on a black floor, is—under the triviality doctrine—simply not a sufficiently dangerous condition to constitute negligence. *Cf. id.* at 78-79 (collecting cases where "lower courts, appropriately, [found] physically small defects to be actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot").[7]

We therefore conclude that to the extent that Coyle has described a dangerous condition created by the government, the dangerousness of that condition, as established by the record before us, is sufficiently trivial that, applying New York law, the district court properly found it non-negligent as a matter of law.

## CONCLUSION

We **AFFIRM** the decision of the district court.

---

[7] Coyle makes several arguments which have no bearing on our decision because they solely address potential credibility issues. And, as stated earlier, at summary judgment we already resolve all credibility determinations in Coyle's favor. Accordingly, they need no discussion.