Xiaoyong Zhang v Jong (2021 NY Slip Op 03432)





Xiaoyong Zhang v Jong


2021 NY Slip Op 03432


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 656123/18 Appeal No. 13990N Case No. 2019-5005N 

[*1]Xiaoyong Zhang, Plaintiff-Appellant,
v
James C. Jong also known as Chuanping Zhang et al., Defendants-Respondents.


Dai & Associates, P.C., New York (Jacob Chen of counsel), for appellant.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered June 7, 2019, which, to the extent appealed from, denied plaintiff's motion for a default judgment against defendants, unanimously affirmed, without costs.
In opposing a motion for default judgment, defendants are to "demonstrate a reasonable excuse for the default and a meritorious defense," and to support their assertions through the submission of an affidavit (Morrison Cohen LLP v Fink, 81 AD3d 467, 468 [1st Dept 2011]). There exists a "strong public policy in favor of disposing of cases on their merits" (Johnson-Roberts v Ira Judelson Bail Bonds, 140 AD3d 509, 509 [1st Dept 2016]). "What constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court" (Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]).
The motion court did not improvidently exercise its discretion in denying the motion for a default judgment here. While defendants technically did not respond to plaintiff's motion for a default judgment, they appeared in the action before the motion was made, only shortly after the deadline to answer or move, and they moved to dismiss the action only one week after plaintiff made his motion for a default. In the motion to dismiss, defendants sufficiently responded to the arguments that plaintiff had made in the motion for a default judgment, asserting that they did not have sufficient time to move to dismiss the complaint because they had to research the action, having never actually been a party to the alleged retainer agreement with plaintiff, which they maintain was a forged document. Particularly given plaintiff's alleged fraud on the court, the motion court was within its discretion to excuse defendants' minor delay in moving to dismiss the complaint and their failure to submit a sworn statement in opposition to the motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021