Matter of New York City Asbestos Litig. (2022 NY Slip Op 06092)

Matter of New York City Asbestos Litig.

2022 NY Slip Op 06092

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 190093/20 Appeal No. 16569 Case No. 2022-00478 

[*1]In the Matter of New York City Asbestos Litigation.
Joseph Pira, as Administrator for the Estate of Giacinto Pira, et al., Plaintiffs-Respondents,
Air & Liquid Systems Corporation, etc., et al., Defendants, Steel Grip, Inc., Also Known as Voorhees, Inc., Individually and as Successor-In-Interest to Steel Grip Safety Apparel Company, Inc., Defendant-Appellant.

Foley & Mansfield, PLLP, New York (Michael E. Tuttle of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about January 5, 2022, which denied the motion of defendant Steel Grip, Inc. (SGI) to dismiss the complaint against it for lack of personal jurisdiction, without prejudice to renew at the conclusion of discovery, and granted plaintiff's cross motion for jurisdictional discovery, unanimously affirmed, without costs.
In this action for damages due to plaintiff's decedent's exposure to asbestos, plaintiff's decedent testified at his deposition that he thought his employer purchased SGI's asbestos-containing safety gloves in New York, and gave the gloves to him so he could use them for welding. This testimony raises an issue of fact as to the existence of the requisite purposeful business transactions in New York necessary to assert long-arm jurisdiction under CPLR 302(a)(1) (see D&R Global Selections, S.L. v Bodega Olegario FalcÓn PiÑeiro, 90 AD3d 403, 405 [1st Dept 2011]). The decedent's deposition testimony also raises an inference that he was injured by the asbestos inside the gloves when they ripped open while he was wearing them. This testimony may provide a sufficient nexus between plaintiff's cause of action and SGI's alleged New York business transactions (id.).
SGI's motion to dismiss for lack of personal jurisdiction was based on an affidavit of its officer, in which he attested that SGI's principal place of business is in Illinois. The officer stated that SGI did not manufacture its products in New York and he denied that SGI has an office in New York or owns any property in New York. Nevertheless, the SGI officer failed to clarify whether SGI sold its gloves to plaintiff's decedent's employer in New York. Under these circumstances, jurisdictional discovery is warranted because plaintiffs sufficiently demonstrated the possible existence of facts that would support the exercise of personal jurisdiction over SGI (see e.g. Radium2 Capital, LLC v Xtreme Natl. Maintenance Corp., 202 AD3d 638, 639 [1st Dept 2022]; Starr Russia Invs. III B.V. v Deloitte Touche Tohumatsu Ltd., 169 AD3d 421, 422 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022