# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1340

_____

Eugene H. Mathison,                      *
                                         *
                  Appellant,             *    Appeal from the United States
                                         *    District Court for the District
        v.                               *    of Minnesota.
                                         *
United States of America,                *         [UNPUBLISHED]
                                         *
                  Appellee.              *

_____

Submitted:  July 11, 2002

Filed:    August 5, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Inmate Eugene H. Mathison broke a tooth on a bone fragment in a turkey leg served at a federal prison cafeteria in Minnesota. Mathison's dental treatment did not go smoothly. After prison dentists crowned Mathison's broken tooth, Mathison developed an abscess. The tooth was extracted, but part of the tooth remained in the socket. After the rest of the broken tooth was removed, Mathison required no further related dental treatment.

Mathison brought this action against the United States under the Federal Tort Claims Act (FTCA) alleging (1) prison officials negligently failed to warn him there

could be bone fragments in the turkey, and (2) prison dentists provided negligent dental care in treating him. Both sides filed motions for summary judgment. The district court* granted the Government's motion and denied Mathison's motion. Mathison appeals pro se, and we affirm.

Because Mathison brought his action under the FTCA, his claims are subject to the substantive law of Minnesota, the state in which his claims arose. 28 U.S.C. § 1346(b). The district court dismissed Mathison's dental malpractice claim because Mathison did not comply with Minn. Stat. § 145.682. The statute applies to actions like Mathison's "alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider." Id. subd. 2. Section 145.682 requires the plaintiff to serve the defendant with an affidavit identifying an expert witness who will provide testimony supporting the plaintiff's claim, and explaining the "substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Id. subd. 4(a). Under Minnesota case law, the affidavit cannot be conclusory or abstract; it must set forth "specific details concerning [the] experts' expected testimony, including the applicable standard of care, the acts or omissions that plaintiff[] allege[s] violated the standard of care and an outline of the chain of causation that allegedly resulted in damage to [the plaintiff]." Sorenson v. St. Paul Ramsey Med. Ctr., 457 N.W.2d 188, 193 (Minn. 1990); see also Anderson v. Rengachary, 608 N.W.2d 843, 848 (Minn. 2000); Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 577-78 (Minn. 1999); Stroud v. Hennepin County Med. Ctr., 556 N.W.2d 552, 555-56 (Minn. 1996).

Although Mathison provided an affidavit by his former dentist, the district court held the dentist's declaration does not meet the statutory requirements as

---

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the Report & Recommendation of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

interpreted by the Minnesota Supreme Court. The district court concluded that like the deficient affidavit in <u>Lindberg</u>, 599 N.W.2d at 578, Mathison's expert affidavit is inadequate because it does not specifically discuss what the prison dentists did, or failed to do, that allegedly constitutes malpractice, and does not adequately explain how any allegedly negligent act or omission by either of those dentists was the direct cause of any injury sustained by Mathison. Although Mathison did not seek an extension of the deadline for complying with the expert affidavit requirement, the district court concluded Mathison could not meet the excusable neglect standard necessary for an extension. <u>See</u> <u>Bellecourt v. United States</u>, 784 F. Supp. 623, 636-37 (D. Minn. 1992), <u>aff'd</u>, 994 F.2d 427 (8th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1109 (1994). The district court thus dismissed Mathison's dental malpractice claims with prejudice as required by Minn. Stat. § 145.682, subd. 6.

On appeal, Mathison contends the affidavit requirement does not apply to him because the facts as he describes them in his complaint sufficiently state a prima facie case of malpractice. Failure to comply with the expert affidavit requirement can be excused if the defendant's liability can be established without expert testimony. <u>Bellecourt</u>, 784 F. Supp. at 637. Expert testimony is usually needed to prove a prima facie case of medical malpractice, but is not necessary when the assessment of negligence does not require any specialized medial knowledge or evaluation of medical judgment. <u>Id.</u> Minnesota courts have found expert testimony unnecessary in cases where medical clips were left in a body after surgery, a surgeon failed to remove a sponge after surgery, a dentist let a grinding disc slip and cut a patient's tongue, and a chemical burn resulted from improper application of a chemical. <u>Id.</u> We agree with the district court that Mathison's case "is not one in which a lay juror could properly find [Mathison] was a victim of dental malpractice without the introduction of expert dental testimony. The standard of care for treatment of a fractured tooth and/or abscess, and whether the dental treatment [Mathison] received was adequate or inadequate, are matters that could not properly be decided by a lay

-3-

juror without the testimony of dental experts." (Magistrate Judge's Report & Recommendation, at 10 n.4.)

As for Mathison's failure-to-warn claim, the district court concluded Mathison could not show the lack of a warning caused his injury. Mathison did not allege he would have acted differently when eating the turkey if he had received a clear warning. Indeed, in his complaint Mathison admitted that he knew of the potential danger of bone fragments in turkey based on past experience, and that he was injured even though he was mindful of the potential danger and used appropriate care when eating the turkey. Mathison questions the district court's reasoning, but the reasoning is correct. To prove a negligence claim against a doctor under Minnesota law, a plaintiff must prove, among other things, that the defendant's departure from the applicable standard of care directly caused the plaintiff's injury. Bellecourt, 784 F. Supp. at 638. To prove causation in a failure-to-warn case, the plaintiff must show he would have acted differently if he had been properly warned of the danger at issue. Holowaty v. McDonald's Corp., 10 F. Supp. 2d 1078, 1085 (D. Minn. 1998). Here, Mathison's own complaint shows the lack of warning did not cause his injury–the injury was simply unavoidable.

Last, Mathison asserts the district court should have appointed a lawyer to represent him. The district court reviewed the relevant factors, and did not abuse its discretion in refusing to appoint counsel. Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir. 1996).

Having considered and rejected all of Mathison's arguments, including those not specifically addressed, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.