19-4092-cv
*Corley v. U.S.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2020

Argued: December 7, 2020     Decided: August 25, 2021

Docket No. 19-4092-cv

ROYCE CORLEY,

*Plaintiff-Appellant,*

— v. —

UNITED STATES OF AMERICA,

*Defendant-Appellee.*\*

B e f o r e:

POOLER, PARKER, and LYNCH, *Circuit Judges.*

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Plaintiff-Appellant Royce Corley, pro se, filed a medical malpractice action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that he suffered dental injuries during several appointments while incarcerated by the Bureau of Prisons at Federal Correctional Institution Danbury.  He initially filed suit in the United States District Court for the Southern District of New York, which sua sponte transferred the case to the United States District Court for the District of Connecticut (Thompson, *J.*). That court dismissed the action for insufficient service of process because Corley failed to include a certificate stating that after a reasonable inquiry a good faith belief exists that there had been negligence, as required by Connecticut General Statutes § 52-190a. Upon review, we conclude that § 52-190a is a procedural rather than substantive rule and is therefore inapplicable in civil actions in federal court. The Federal Rules of Civil Procedure require no such certificate.  Accordingly, the order of the district court is **VACATED** and **REMANDED**.

---

ROYCE CORLEY, *Pro Se.*

ERIC B. MILLER, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District Connecticut, *for Defendant-Appellee.*

---

GERARD E. LYNCH, *Circuit Judge*:

Plaintiff-Appellant Royce Corley appeals from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*) dismissing his amended complaint against Defendant-Appellee the United States for insufficient service of process pursuant to Rule 12(b)(5) because he failed to affix to his amended complaint a good-faith certificate pursuant to § 52-190a(a) of

3

the Connecticut General Statutes. Section 52-190a(a) requires that a complaint pleading negligence claims against a health care provider be accompanied by a "certificate of the attorney or party filing the action . . . [stating] that [a] reasonable inquiry gave rise to a good faith belief that grounds exist for an action." *Id.* "To show the existence of such good faith," the certificate must also include a "written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence" along with a "detailed basis for the formation of such opinion." *Id.*

This appeal requires us to determine whether § 52-190a is a procedural rule that is inapplicable in federal court or a substantive rule that applies pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., under which "the source of substantive liability . . . is the law of the State." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (internal quotation marks, alterations, and citation omitted).

The Government argues that because the FTCA provides a limited waiver of sovereign immunity under which the United States is liable only "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, exempting Corley from § 52-190a's requirements would

3

unlawfully deprive the United States of a substantive defense available to private litigants in medical malpractice actions. We disagree. We conclude that § 52-190a is a procedural rule that does not apply in FTCA actions.

Accordingly, we VACATE the judgment of the district court and REMAND the case for further proceedings consistent with this order. We also conclude that the district court did not abuse its discretion when it transferred this case from the District Court for the Southern District of New York to the District Court for District of Connecticut.

## BACKGROUND

In May 2018, while incarcerated at FCI Danbury in Connecticut, Corley filed a pro se complaint in the Southern District of New York against a dentist and dental hygienist employed by the prison, alleging medical malpractice, gross negligence, negligent failure to train, and emotional distress based on the allegedly inadequate quality of the dental care he received. Specifically, he alleged that on November 14, 2016, a dental hygienist damaged a filling in his wisdom tooth and broke a cap on one of his front teeth during a cleaning. According to Corley, he observed pieces of his teeth and filling upon rinsing his mouth, and a few weeks later, the cap on his front tooth fell off, exposing his

4

chipped front tooth and causing "subsequent embarrassment and emotional distress." Gov't App'x at 7. He further alleged that over the following months, a dentist refused to replace the missing cap, refused to repair the filling in his wisdom tooth, and after several days of increasingly severe pain, finally attempted to extract the wisdom tooth on March 13, 2017, in a painful procedure that caused the tooth to break into several pieces that were not entirely removed during the procedure. Finally, Corley alleged that the remaining tooth pieces caused him to suffer severe pain, bleeding, and infection along with bad breath and difficulty eating and sleeping.

Days after Corley filed the suit, the Southern District of New York (Colleen McMahon, *J.*), acting sua sponte, transferred the action to the District of Connecticut in the interest of justice under 28 U.S.C. § 1404(a) because the underlying incident occurred in Connecticut, where Corley was then incarcerated, the defendants were employed, and most of the relevant evidence or witnesses were located.

The District of Connecticut in an initial review order dismissed the complaint without prejudice because of Corley's failure to clearly name the United States as a defendant as required in FTCA suits. Corley thereafter filed an

5

amended complaint naming the United States as the sole defendant and alleging the same facts and claims as in his original complaint. On March 19, 2019, the United States moved to dismiss the amended complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), based on Corley's failure to comply with § 52-190a.

Corley opposed the United States' motion to dismiss, arguing that the rules of service set forth in Federal Rule of Civil Procedure 4, and not state law, govern service in this case and, in any event, that requiring him to comply with § 52-190a as a federal prisoner would unconstitutionally burden his right to meaningful access to the courts. He also cross-moved for the court to appoint a health care provider to supply the good-faith certificate for him pursuant to Federal Rule of Civil Procedure 4(c)(3), or, alternatively, for an extension until January 2021 (90 days after his prison release date) to comply with the requirement.

On November 12, 2019, the district court granted the Government's motion, concluding that "Corley was required to file a good-faith certificate pursuant to Section 52-190a(a)" and that since he had "not done so . . . service was insufficient." Gov't App'x at 40. This appeal followed.

**DISCUSSION**

We typically review a dismissal for improper service under Federal Rule of

Civil Procedure 12(b)(5) for abuse of discretion. *Dickerson v. Napolitano*, 604 F.3d

732, 740 (2d Cir. 2010). However, this case turns on a question of statutory

interpretation, which is "a question of law we review de novo." *Jaen v. Sessions*,

899 F.3d 182, 185 (2d Cir. 2018). We review transfer decisions under 28 U.S.C. §

1404(a) for abuse of discretion. *Bank of New York v. First Millennium, Inc.*, 607 F.3d

905, 921 (2d Cir. 2010).

The Government argues that "Section 52-190a is substantive law, not a

procedural mechanism." Appellee's Br. 17 n.1. In the alternative, the Government

argues that even if we construe § 52-190a as a procedural rule, it does not conflict

with the Federal Rules of Civil Procedure. We conclude that § 52-190a is a

procedural rule and consequently inapplicable in this FTCA action. We also

address Corley's argument that the Southern District abused its discretion by

transferring the case to the District of Connecticut and conclude that it did not.[1]

---

[1] On appeal, Corley also argues that § 52-190a is unconstitutional as applied to pro se federal prisoners because it places an unreasonable burden on prisoners to request a good-faith certificate from the Bureau of Prisons, a burden which he claims is a violation of his constitutional right to meaningful access to courts. Because our conclusion that § 52-190a does not apply to Corley's claim resolves

7

## I. Section 52-190a

The FTCA grants district courts jurisdiction over tort suits against the United States for "the negligent acts of federal employees acting in the scope of their employment." *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020). The statute provides, in relevant part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The parties do not dispute that the Federal Rules of Civil Procedure apply in an FTCA action. The original text of the FTCA, adopted as part of the Legislative Reorganization Act of 1946, provided that "[i]n actions under this part, . . . the practice and procedure, shall be in accordance with [the Federal Rules of Civil Procedure]." Legislative Reorganization Act of 1946, Pub. L. No.

---

that issue, we need not address the constitutional question here. In addition, Corley argues that the district court abused its discretion in denying his request for a court-appointed health care provider to supply the good-faith certificate and his request for an extension of time to complete service of the certificate. For the same reason, we need not decide those issues.

8

60-812, §411, 60 Stat. 812, 844. That text was removed two years later "as unnecessary" because, as Congress noted "the [Federal] Rules of Civil Procedure promulgated by the Supreme Court . . . apply to all civil actions," *United States v. Yellow Cab Co.*, 340 U.S. 543, 553 n.9 (1951), citing S. Rep. No. 1559, 80th Cong., 2d Sess. 12 (1948), as made plain by the original text of the rules. *See* Fed. R. Civ. P. 1 (1938) ("These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity. . . .")

The parties also do not dispute that state law is the "source of substantive liability under the FTCA." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (internal quotation marks omitted). The FTCA's jurisdictional grant provides district courts with jurisdiction over tort suits against the United States "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has "consistently held that [the FTCA's] reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, state law will apply only if it is substantive, rather than procedural, and district courts applying state

9

law in FTCA suits must determine as a threshold matter whether that law is substantive.

Accordingly, we must decide whether § 52-190a is substantive or procedural law. By way of distinction, procedural law is "the judicial process for enforcing rights and duties recognized by substantive law," while substantive law is "the law that governs the rights and obligations of individuals within a given jurisdiction." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 894 (2d Cir. 2019) (internal quotation marks and citations omitted).

Section 52-190a(a) provides that a party filing a medical malpractice action must first make a "reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence." To implement this requirement, a party must affix to the complaint "a certificate. . . [stating] that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action." Conn. Gen. Stat. § 52-190a(a). "To show the existence of such good faith," the certificate must also attach "a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence" along

10

with a "detailed basis for the formation of such opinion." *Id.*[2] The party filing the

medical malpractice action "shall retain the original written opinion and shall

attach a copy of such written opinion, with the name and signature of the similar

health care provider expunged, to such certificate." *Id.* The certificate "shall not

be subject to discovery by any party except for questioning the validity of the

certificate*." Id.* "[F]ailure to obtain and file the written opinion . . . shall be

grounds for the dismissal of the action." Conn. Gen. Stat. § 52-190a(c). Finally, "a

defendant may waive the statutory requirements of § 52-190a." *Morgan v.*

*Hartford Hosp.*, 301 Conn. 388, 399 (Conn. 2011), citing *Votre v. Cty. Obstetrics &*

*Gynecology Grp., P.C.*, 113 Conn. App. 569, 586 (Conn. App. Ct. 2009).

On appeal, the United States argues that § 52-190a(a) is a "substantive"

defense for medical malpractice actions. Appellee's Br. 12. In Connecticut,

however, a medical provider's substantive liability for the tort of medical

malpractice is defined by common law. To prevail in a medical malpractice

---

[2] "[A] 'similar health care provider' is one who: (1) Is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim." Conn. Gen. Stat. § 52-184c(b).

11

action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. *Doe v. Cochran*, 332 Conn. 325, 335 (2019) (internal quotation marks omitted). Section 52-190a neither modifies this standard of liability nor elucidates the types of evidence required to establish the standard, its breach, or causality. The medical opinion required by § 52-190a(a) does not "play any role in the post-complaint adjudication of a medical malpractice claim." *Shields v. United States,* 436 F. Supp. 3d 540, 542 n.2 (D. Conn. 2020).

As support for its contention that § 52-190a is substantive, the United States points out that the statute was "specifically designed with a substantive goal: to deter frivolous medical malpractice claims." Appellee's Br. 20. Indeed, the Connecticut Supreme Court has noted that "the purposes that underlie Connecticut's medical malpractice statute, § 52-190a, includ[e] the avoidance of increased litigation and higher health care costs." *Doe*, 332 Conn. 325 at 356. While the Government correctly identifies the purpose of the statute, it nevertheless fails to show how § 52-190a alters, in any event, the substantive

12

liability of medical practitioners under Connecticut law.[3] Rather, it concedes that § 52-190a "has been construed as a component of service of process," that "does not require any change to, or impose any further requirement on, the contents of the complaint." Appellee's Br. 21. In *Morgan v. Hartford Hospital*, the Connecticut Supreme Court described the certificate and attendant opinion letter as "pleading necessit[ies]" which must accompany a complaint "in order to commence properly the action" and held that failure to affix these documents "is a matter of form [rather than substance that] implicates personal jurisdiction." 301 Conn. at 398-402.

District courts within the District of Connecticut that have addressed whether § 52-190a applies in FTCA actions are divided on the issue.[4] However,

---

[3] The Supreme Court has instructed that "[t]he test is not whether the rule affects a litigant's substantive rights [since] most procedural rules do," but rather "[w]hat matters is what the rule itself regulates[.]" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010). Specifically, "[i]f it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is [procedural]; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is [substantive]." *Id.*, quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 446 (1946).

[4] A number of Connecticut district courts have required plaintiffs to comply with § 52-190a in FTCA cases and dismissed medical malpractice claims under Rule 12(b)(5) for failure to comply with that statute. However, many of these decisions engage in little to no analysis of the issue. *See, e.g., Hallums v. Dep't of Veterans*

13

we find a recent opinion, *Shields v. United States*, 436 F. Supp. 3d 540 (D. Conn. 2020) (Meyer, *J.*), particularly instructive. In *Shields*, the court held that § 52-190a is "a pleading rule" that "does nothing to define substantively the scope and terms of liability for medical malpractice in Connecticut." *Shields*, 436 F. Supp. 3d at 541. The Government's position in that case was the same as its position here, namely that curtailing its ability to shield itself from suit pursuant to § 52-190a(a)

*Affairs*, 2017 WL 1230841, at *4 (D. Conn. Mar. 30, 2017) (Bolden, *J.*) (dismissing for failure to comply with § 52-190a because other decisions of the district court had required it, and also dismissing on alternative grounds); *Berndston v. United States*, 2017 WL 830390, at *2 (D. Conn. Mar 1, 2017) (Thompson, *J.*) (noting that this Court "has not yet determined whether the [§ 52-190a] requirement of a certificate of good faith in a medical malpractice action is a substantive or procedural requirement," but dismissing for failure to comply with that requirement because the district court has "repeatedly" done so (internal quotation marks omitted)); *Freeman v. United States*, 166 F. Supp. 3d 215, 220 (D. Conn. Feb. 2, 2016) (Thompson, *J.*) (requiring compliance with § 52-190a because state law is the source of substantive liability under FTCA, without further analysis); *Slocum v. U.S. Dep't of Veterans Affairs*, 2014 WL 4161985, at *2 (D. Conn. Aug. 19, 2014) (Underhill, *J.*) (determining that the good faith certificate is required because "the Connecticut Supreme Court has definitively held that [it] is a required pleading for properly effecting service"); *Brant v. United States*, 2013 WL 12419884, at *2 (D. Conn. Jan. 15, 2013) (Bryant, *J.*) (agreeing with other circuit courts that "the good faith certificate requirement is substantive and applies in FTCA cases"); *see also Gallinari v. Kloth*, 148 F. Supp. 3d 202, 207 n.1 (D. Conn. Dec. 1, 2015) (Bolden, *J.*) (diversity action requiring certificate in line with the district court's "trend" of doing so); *Blumenkopf v. Conboy*, 2008 WL 4196974, at *1-*3 & n. 2 (D. Conn. Sept. 8, 2008) (Kravitz, *J.*) (diversity action requiring certificate because parties did not dispute that it was required).

would result in the United States being liable to a *different* extent than a private individual, in violation of the FTCA's limited waiver of sovereign immunity which states that it is liable "in the same manner and to the same extent" as a private litigant in state court. 28 U.S.C. § 2674. The *Shields* court characterized this position as an "equality of outcome determinative" approach, which is one in which the "[g]overnment's position is that the FTCA requires a federal court to adopt *all* of state law (whether dubbed substantive or procedural), at least so far as necessary to ensure that the Government is no worse off at the end of the day than a private medical defendant would be if sued for the same conduct." *Id.* at 544 (emphasis added).

The *Shields* court rejected this approach as overinclusive, since it would place "no limit on what state law procedural rules could be enforced in a federal court FTCA action." *Id.* For example, "[i]f Connecticut decided to discourage medical malpractice actions by imposing a $10,000 filing fee" or "required all medical malpractice plaintiffs to file their complaints on fluorescent purple paper," the Government's approach would require federal courts to dismiss medical malpractice complaints for failure to pay an exorbitant fee or for filing the complaint on white paper. *Id.* We similarly reject this approach. A rule that

15

regulates pleading and service of process, and that has been expressly construed

by the relevant state Supreme Court as having no effect on the standard for

substantive liability, is a procedural rule, whether or not it has the effect (and

indeed the intended effect) of placing a procedural roadblock in the path of

plaintiffs advancing a particular category of claim.

The answer to the question on appeal is of significance not only in the

Second Circuit, but also in other circuits which are divided about whether

analogous "state law certification requirements should be given effect in a federal

court." *Shields*, 436 F. Supp. at 543, citing 19 Charles Alan Wright & Arthur R.

Miller, FEDERAL PRACTICE & PROCEDURE § 4511, at 253 (3d ed.) (discussing

split of authority).[5] Here, the Government relies on the Tenth Circuit's decision in

_____

[5] A number of circuit courts have dismissed actions for failure to comply with analogous state law certificate requirements; however, many of those decisions are unpublished and contain limited or no analysis of the issue. *See, e.g., Littlepaige v. United States*, 528 F. App'x 289, 292-93 (4th Cir. 2013) (affirming, by a divided panel, the dismissal of an FTCA action for failure to comply with a similar North Carolina statute based on Fourth Circuit law requiring it to "rule as the North Carolina courts would" (internal quotation marks omitted)); *Smith v. United States*, 498 F. App'x 120, 121-22 (3d Cir. 2012) (stating that Pennsylvania certificate of merit rule was substantive, without considering conflict with Federal Rules of Civil Procedure); *Swails v. United States*, 406 F. App'x 124, 125–26 (9th Cir. 2010) (applying Nevada affidavit requirement with no discussion of whether it affected "substantive liability" or conflicted with Federal Rules of Civil Procedure); *Mathison v. United States*, 44 F. App'x 27, 29 (8th Cir. 2002) (same).

16

*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111 (10th Cir. 2004), which endorsed its "equality of outcome determinative" approach by determining that a Colorado state law requiring a litigant to submit a certificate of review within sixty days of filing a complaint applied to professional negligence claims in FTCA actions because "to hold [otherwise] would place it in a differently situated position than private parties defending against professional negligence claims in Colorado, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA." 393 F.3d at 1118. However, the court's decision in *Hill* relied primarily on cases involving state laws that, unlike the rule at issue here, directly prescribe liability or immunity. *See, e.g., Haceesa v. United States*, 309 F.3d 722, 725-27 (10th Cir. 2002) (concluding that the United States in an FTCA action was entitled to a recovery cap under the New Mexico medical malpractice statute). Here, application of the pleading standard from the Federal Rules of Civil Procedure rather than state law does not impact the scope of liability. The elements for proving liability and the amounts a litigant may recover remain the same.

The Sixth Circuit in *Gallivan v. United States*, 943 F.3d 291, 296 (6th Cir. 2019), concluded that Ohio plaintiffs were not required to file an affidavit of

merit in order to state a medical negligence claim in federal court because the "heightened pleading requirement" conflicted with Rules 8, 9, and 12 of the Federal Rules of Civil Procedure. The Sixth Circuit applied its interpretation of the Supreme Court's framework set out in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), a diversity jurisdiction case with a plurality opinion which has generated differing interpretations by courts and scholars.

Here, the Government argues that *Shady Grove*'s conflict analysis does not apply outside of diversity jurisdiction cases. Appellee's Br. at 16. However, at the heart of this appeal lies a federalism question similar to the one raised in the familiar *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), which instructs federal courts sitting in diversity to apply state substantive law and federal procedural rules. When both a federal rule and a state law "attempt to answer the same question," the Supreme Court in *Shady Grove* has instructed that we need not "wade into *Erie*'s murky waters." *Shady Grove,* 559 U.S. at 398-99 (holding by plurality that N.Y. Civ. Prac. Law § 901(b) did not preclude a federal court sitting in diversity from hearing a class action under Federal Rule of Civil Procedure 23).

In *Gallivan*, the Sixth Circuit concluded that "the Federal Rules of Civil Procedure answer[ed] the question in dispute: [whether] someone need[s] an

18

affidavit of merit to state a claim for medical negligence." 943 F.3d at 293. It concluded that since neither Rules 8, 9, nor 12 of the Federal Rules of Civil Procedure require a plaintiff to file an affidavit of merit with his federal complaint and since "[t]he Federal Rules are presumptively valid[,] . . . the district court should have applied the Federal Rules, not [the] Ohio [rule]." *Id*. at 294. The Sixth Circuit's analysis is instructive. All that Federal Rule of Civil Procedure 8 requires, including in an FTCA action, is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule embodies a policy of "notice pleading" that eschews the need to plead specific types of documentary evidence to establish a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that Rule 8 requires civil complaints to plead "enough facts to state a claim to relief that is plausible on its face").

This is in direct contrast to the heightened pleading requirement in § 52-190a. Similarly, to the extent that both the district court and the Connecticut Supreme Court treat § 52-190a as regulating service of process, the statute also conflicts with Federal Rule of Civil Procedure 4, which governs service of process

19

in federal court, by requiring the service of additional documents not typically required in federal court.

Finally, we reiterate that nothing in § 52-190a effects any change in the substantive liability rules applied by Connecticut courts to determine whether a private party, such as a medical professional or her or his employer, is responsible in damages to a plaintiff who alleges that he or she received negligent care. The United States as defendant must comply with the same standard of care and is liable "in the same manner and to the same extent" as a similarly situated private party. But by requiring tort cases against it to be brought in federal court, the United States forgoes any tactical advantages a defendant might have under the procedural rules applied in state court.

In sum, the district court erred by applying § 52-190a instead of the Federal Rules of Civil Procedure. Accordingly, we vacate and remand the district court order dismissing the complaint.

## II.    Transfer Order

Corley also argues that the district court abused its discretion by transferring the case from the Southern District of New York to the District of Connecticut. We review a district court's venue transfer decision for abuse of

discretion. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or when its decision . . . cannot be located within the range of permissible decisions." *United States v. Pilcher*, 950 F.3d 39, 41–42 (2d Cir. 2020) (internal quotation marks and alteration omitted).

Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In making that determination, the court should consider "inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation marks and brackets omitted). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Id.* at 106.

21

Corley argues that the district court should not have transferred his case because he "filed this lawsuit in the Southern District of New York because it is where he resides and is most convenient." Appellant's Br. at 11. However, that is just one of the several factors. At the time of that court's venue transfer decision, all of the factors except the first and last weighed in favor of a transfer. All of the parties resided in Connecticut, where the operative facts had occurred, and it was reasonable to expect that all relevant documents, witnesses, and means of process for obtaining evidence were there. It was therefore reasonable for the court to determine that the District of Connecticut was a more convenient forum. We therefore detect no reason to overturn the transfer order. To the extent Corley seeks to have this case transferred back to the Southern District of New York based on his current residence and potential witnesses located in New York, he must move for such a transfer in the district court. 28 U.S.C. § 1402(a).

## CONCLUSION

The order of the District of Connecticut dismissing Corley's complaint is therefore **VACATED** and **REMANDED** for further proceedings consistent with this opinion.