21-2978-pr
*Mitchell v. Annucci, et. al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             SARAH A. L. MERRIAM,
                      *Circuit Judges*.
             JENNIFER L. ROCHON,
                      *Judge.*\*

_____

DONTIE S. MITCHELL,

    *Plaintiff-Appellant*,                          No. 21-2978-pr

ISMAEL G. REYES, a/k/a ISHMAEL REYES;
GYVON ROBERTS,

    *Plaintiffs,*

    v.

_____

\* Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

1

ANTHONY J. ANNUCCI, Acting Commissioner; PATRICK D. REARDON, Superintendent, Marcy Correctional Facility; C.O. JOHN DOE #1; C.O. JOHN DOE #2; C.O. JOHN DOE #3; DONALD VENETTOZZI, SHU Director; JEFF MCKOY, Deputy Commissioner; CHRISTOPHER MILLER, Superintendent of Great Meadow Correctional Facility; TERESA TYNON, Superintendent of Washington Correctional Facility; MULCAHY, Deputy Superintendent of Security at Washington C.F.; WALKER, Deputy Superintendent of Programs at Washington C.F.; CORRECTION OFFICER DEBEJIAN, Deputy Superintendent of Programs at Marcy C.F.; CHO JANE DOE, Commissioner's Hearing Officer at Great Meadow C.F.; ORC JOHN DOE #1, Senior Rehabilitation Coordinator at Marcy C.F.; OFFICER CUCCHI, Great Meadow C.F.; JOHN DOE #4, Washington C.F. Officer; DOCCS JOHN DOE #5, DOCCS Central Office Corrections Officer,

*Defendants-Appellees*,

ANDREW M. CUOMO, Governor; SORC COLBERT; C.O. BROWN; C.O. MEAD; C.O. SMALLBONE; C.O. BARSHAW; C.O. Z; C.O. JANE DOE #1; JPAY, LLC; B. MCCLOSKEY, Food Service Administrator at Fishkill Correctional Facility; D. PAUSELIUS, Sergeant at Fishkill C.F.,

*Defendants*.

_____

FOR PLAINTIFF-APPELLANT: ALICE BUTTRICK (Alexandra A.E. Shapiro, *on the brief*), Shapiro Arato Bach LLP, New York, NY.

2

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION,** the November 3, 2021, judgment of the District Court is **AFFIRMED, in part,** and **VACATED, in part,** and the matter is **REMANDED** for further proceedings consistent with this Order.

Plaintiff-Appellant Dontie S. Mitchell ("Mitchell"), proceeding on appeal through pro bono counsel, appeals the District Court's November 3, 2021, judgment dismissing most of his claims with prejudice and transferring the remaining claims to the Southern District of New York. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision.

Mitchell is the "leader and founder" of the Ujamaa Fraternal Dynasty ("UFD"), a "mutual self-improvement fraternity," which Mitchell asserts that he "uses in prison to positively organize, motivate, inspire, educate, and mentor young prisoners and to steer them away from gangs, drugs, and violence." App'x at 43. The New York Department of Corrections and Community Supervision ("DOCCS") treats UFD as an "unauthorized organization" pursuant to DOCCS Directive #4760. Id. at 45. Mitchell, proceeding pro se and in forma pauperis in district court, filed a complaint asserting a variety of claims pursuant to 42 U.S.C. §1983 relating to DOCCS's treatment of UFD as an "unauthorized" organization. When he filed the original complaint, Mitchell was a prisoner. The claims

3

asserted in the original complaint related solely to Mitchell's time incarcerated at Marcy Correctional Facility ("Marcy").[1]

The District Court reviewed the original complaint as required by 28 U.S.C. §1915A, which applies to actions brought by prisoners, and 28 U.S.C. §1915(e)(2)(B), which applies to all actions brought in forma pauperis. These provisions require dismissal of a complaint that fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1); §1915(e)(2)(B)(ii). The District Court dismissed Mitchell's First and Fourteenth Amendment claims, without prejudice, for failure to state a claim. The District Court permitted Mitchell to file an amended complaint within thirty days of its initial review order.

On September 9, 2021, Mitchell was released from DOCCS custody. On September 13, 2021, Mitchell filed an Amended Complaint. As relevant to this appeal, the Amended Complaint reasserted and supplemented the First and Fourteenth Amendment claims in the original complaint as they related to Mitchell's incarceration at Marcy. The Amended Complaint added First and Fourteenth Amendment claims related to incidents that occurred while Mitchell was incarcerated at Washington Correctional Facility ("Washington"), Great Meadow Correctional Facility ("Great Meadow"), and

---

[1] Prior to filing the original complaint in this action, Mitchell brought an action raising similar First Amendment claims related to his incarceration at the DOCCS Great Meadow Correctional Facility. See Mitchell v. Annucci, No. 9:19CV00718(MAD), 2022 WL 445039, at *1 (N.D.N.Y. Feb. 14, 2022) ("Mitchell I"). The District Court in Mitchell I granted summary judgment in favor of the defendants named in that action. See id. at *3-6. Mitchell's appeal from the grant of summary judgment in that action was heard in tandem with the instant appeal. See Mitchell v. Annucci, No. 21-2784-cv (2d Cir. argued Oct. 26, 2023).

4

Fishkill Correctional Facility ("Fishkill"). When he filed the Amended Complaint, Mitchell was no longer incarcerated; the Amended Complaint included new allegations that Mitchell's First Amendment rights were violated as a non-incarcerated person.

Although Mitchell was no longer a prisoner at the time he filed the Amended Complaint, the District Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§1915A and 1915(e)(2)(B). The District Court: (1) severed Mitchell's claims relating to his incarceration at Fishkill and transferred those claims to the Southern District of New York, and (2) dismissed with prejudice the remainder of Mitchell's claims for failure to state a claim. Mitchell appeals both the severance and transfer of his claims to the Southern District of New York and the dismissal of his First and Fourteenth Amendment claims.

I.      **Severance and Transfer**

We review the District Court's decision to sever and transfer Mitchell's Fishkill claims for abuse of discretion. See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010); City of Syracuse v. Onondaga Cnty., 464 F.3d 297, 307 (2d Cir. 2006); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1689 (3d ed.).

"A district court may exercise its discretion to transfer venue 'for the convenience of parties and witnesses, in the interest of justice.'" Lafarge, 599 F.3d at 112 (quoting 28 U.S.C. §1404(a)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d

5

Cir. 2006). When considering whether to transfer an action, some of the factors a district court may consider include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." Id. at 106-07 (citation and quotation marks omitted).

Although the District Court did not explicitly recite these factors, it is apparent from the decision that it considered many of these factors in evaluating whether to sever the claims against defendants Pauselius, McCloskey, and JPay.[2] The allegations of the Amended Complaint related to Mitchell's time at Fishkill implicate only these three defendants and are focused on a discrete event, specifically, a disciplinary hearing conducted by McCloskey related to an incident report issued by Pauselius. As the District Court correctly concluded, those claims are "separate and distinct from the claims arising out of alleged wrongdoing that arose while Plaintiff was confined [at the other DOCCS facilities] and will require different witnesses and documentary proof." App'x at 72-73. Based on the allegations of the Amended Complaint, it is apparent that the convenience of the witnesses, the convenience of defendants McCloskey and Pauselius, the location of the relevant documents, and the locus of operative facts support the District Court's decision to transfer those claims to the Southern District of New York. Mitchell contends that his "choice of venue was . . . entitled to substantial consideration." Appellant's Br. at

[2] McCloskey and Pauselius both worked at Fishkill, the former as a Food Service Administrator, and the latter as a Corrections Sergeant.

6

51 (citation and quotation marks omitted). But Mitchell's choice of venue "is just one of the several factors" a court should consider, and does not outweigh the other factors in this case. Corley v. United States, 11 F.4th 79, 90 (2d Cir. 2021).

Accordingly, the District Court did not abuse its discretion by severing and transferring the claims against defendants Pauselius, McCloskey, and JPay. See id. (District Court did not abuse its discretion in transferring a case to Connecticut because "the parties resided in Connecticut, where the operative facts had occurred, and it was reasonable to expect that all relevant documents, witnesses, and means of process for obtaining evidence were there.").[3]

## II. Dismissal

"We review de novo a district court's dismissal of complaints under 28 U.S.C. §§1915A and 1915(e)(2)(B)." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). "To avoid dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "We construe a pro se complaint liberally to raise the strongest arguments it suggests." Darby v. Greenman, 14 F.4th 124, 127 (2d Cir. 2021) (citation and quotation marks omitted).

### A. Post-Release First Amendment Claim

---

[3] After these claims were transferred to the Southern District of New York, litigation there continued in earnest. Defendants Pauselius and McCloskey filed a motion to dismiss, which the District Court for the Southern District of New York granted. See Mitchell v. JPay, LLC, No. 7:21CV09070(NSR), Doc. #40 (S.D.N.Y. Jan. 27, 2023). Transferring this action back to the Northern District of New York now would make little sense and would not further the interests of justice. See 28 U.S.C. §1404(a).

It is not clear that the District Court fully acknowledged the impact of Mitchell's status at the time of the filing of the Amended Complaint as a <u>former</u> prisoner, rather than an incarcerated person. The order of dismissal makes a single passing reference to Mitchell's release from confinement, but otherwise fails to address Mitchell's <u>post-release</u> First Amendment claim, which was raised for the first time in the Amended Complaint. The Amended Complaint alleges that Mitchell, as a civilian, sought to communicate with prisoners regarding UFD, but was prohibited from doing so because DOCCS designated UFD as an "unauthorized organization." App'x at 45. Such allegations could state a plausible First Amendment claim because "prison walls do not . . . bar free citizens from exercising their own constitutional rights by reaching out to those on the inside." <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407 (1989) (citation and quotation marks omitted); <u>cf. Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision</u>, 16 F.4th 67, 78-79, 82-86 (2d Cir. 2021) (acknowledging that non-incarcerated plaintiffs may have standing to challenge prison regulations that impact their own First Amendment rights and clearly differentiating between claims of incarcerated and non-incarcerated plaintiffs), <u>cert. denied sub nom. Green Haven Preparative Meeting v. N.Y. State Dep't of Corr. & Cmty. Supervision</u>, 142 S. Ct. 2676 (2022).

Here, the District Court erred by (a) failing to address the sufficiency of Mitchell's post-release First Amendment claim, and (b) dismissing that claim with prejudice. <u>See Abbas v. Dixon</u>, 480 F.3d 636, 639-40 (2d Cir. 2007). Accordingly, we vacate the judgment of the District Court dismissing Mitchell's post-release First Amendment claim

8

with prejudice, and instruct the District Court to determine whether the Amended Complaint adequately pleads a plausible cause of action. If the District Court finds that the Amended Complaint fails to state a First Amendment post-release claim as pled, it shall permit Mitchell an opportunity to amend that claim.

B.      Pre-Release First and Fourteenth Amendment Claims

The District Court acknowledged that the Amended Complaint added new claims related to Mitchell's incarceration at Washington and Great Meadow. Despite this, the District Court dismissed these newly asserted claims, with prejudice, as though they had been pled in the original complaint. See App'x at 85. This was error.

1.      *Fourteenth Amendment Due Process Claims*

In the original complaint, Mitchell alleged that the conditions of solitary confinement in DOCCS imposed "atypical and significant hardship on" him and other inmates, Sandin v. Conner, 515 U.S. 472, 484 (1995), and that the disciplinary hearing conducted at Marcy violated his Fourteenth Amendment rights. The District Court dismissed this claim without prejudice, on the ground that the original complaint did not allege sufficient facts relating to the disciplinary determination. In particular, the original complaint failed to allege that Mitchell had been denied "a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence," and his allegations of bias against the hearing officer were purely conclusory. Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004).

The Amended Complaint reasserts Mitchell's claims regarding the disciplinary hearing at Marcy, adding details regarding the penalty imposed, and asserting for the first

9

time that the hearing officer denied Mitchell's "requests to present documentary evidence and call witness[es] which would prove his defense." App'x at 55. The Amended Complaint also alleges for the first time a separate Fourteenth Amendment claim based on a disciplinary hearing at Great Meadow, at which Mitchell's "requests to submit documentary evidence and to call witnesses which would prove his defenses" were also denied. App'x at 51. Mitchell alleges that he spent 61 days in the SHU at Great Meadow, and 98 days in the SHU at Marcy. See App'x at 52, 56.

Construing the matter generously, in light of Mitchell's pro se status, we find that he should be granted a further opportunity to amend his complaint as to these claims. Accordingly, we vacate the judgment of the District Court dismissing Mitchell's procedural due process claims with prejudice, and instruct the District Court to permit Mitchell an opportunity to amend these claims.[4]

### 2. First Amendment Claims

We reach the same conclusion with respect to Mitchell's remaining pre-release First Amendment claims relating to incidents at Great Meadow and Washington. It is unclear whether the District Court properly reviewed these claims, which were asserted for the first time in the Amended Complaint. At the very least, because of Mitchell's pro

---

[4] We note that it may not have been clear to Mitchell that the Amended Complaint would completely supersede the original complaint, and that upon review, the District Court would not consider allegations set forth only in the original complaint that were not reiterated in the Amended Complaint. On remand, the District Court may wish to advise Mitchell that any Second Amended Complaint will completely supersede and replace both prior complaints, and that, therefore, the allegations of any Second Amended Complaint must be sufficient, standing alone, to state a claim.

10

se status, the District Court should have afforded Mitchell at least one opportunity to amend these newly asserted claims before entering a <u>sua sponte</u> dismissal with prejudice. <u>See Abbas</u>, 480 F.3d at 640 ("[F]ailure to afford an opportunity to oppose a contemplated <u>sua sponte</u> dismissal may be, by itself, grounds for reversal." (citation and quotation marks omitted)). Accordingly, we also vacate the judgment of the District Court dismissing Mitchell's pre-release First Amendment claims with prejudice, and instruct the District Court to determine whether the Amended Complaint adequately alleges a First Amendment claim related to Mitchell's incarceration at Marcy, Great Meadow, or Washington. If the District Court finds that the Amended Complaint fails to state a pre-release First Amendment claim as pled, it shall permit Mitchell an opportunity to amend that claim.

*　　*　　*

For the foregoing reasons, the November 3, 2021, judgment of the District Court is **AFFIRMED in part**, **VACATED in part,** and the matter is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11