22-1270-pr
Marley v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> MYRNA PÉREZ,
> > *Circuit Judges,*
> DALE E. HO,
> > *District Judge.*[*]

_____

Jason Marley,

> *Plaintiff-Appellant,*

> v.                                                                  22-1270

United States of America, Dr. Bruce Bialor,

_____

[*] Judge Dale E. Ho, of the United States District Court for the Southern District of New York, sitting by designation.

MDC Brooklyn Physician, Beverly Timothy, ANP-C, MDC Brooklyn PA, Clodina Babson, MDC Brooklyn PA†

*Defendants-Appellees*,

Federal Bureau of Prisons, (FBOP), Officer Hozendorf, Sillah Hajoh, Registered Nurse, John Doe #1, Warden, individually and in his official capacity, John Doe #2, Mailroom Department, individually and in official capacity, John Doe #3, 51 Unit Officer, in his individual and official capacity, John Doe #4, MDC Lieutenant in Charge of Administrative Segregation Unit, John Doe #5, Health Services (BOP), Administrator, John Doe #6, BOP Health Service Department, Frank White, Captain of Security, John Doe #7, Warden at MCC, FNU Rodriguez, MDC SIS Lieutenant, John Doe #8, Mailroom Department (MCC) individually and in official capacity,

*Defendants*.

_____

---

† The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PLAINTIFF-APPELLANT:                    Jason Marley, pro se, White Deer, PA.

FOR DEFENDANTS-APPELLEES:            Varuni Nelson, Rachel G. Balaban, Assistant United States Attorneys, of counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Proceeding pro se, appellant Jason Marley sued the United States and several members of the Metropolitan Detention Center's ("MDC") medical staff under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging that he sustained serious injuries after slipping and falling down a flight of wet stairs that were not appropriately marked with a warning sign—injuries that medical staff then

3

allegedly failed to adequately treat. When the defendants eventually moved for summary judgment, Marley did not file an opposition. Adopting Magistrate Judge Levy's Report and Recommendation—to which Marley did not timely file objections—the district court granted the motion for summary judgment, concluding that Marley's *Bivens* claim had not been adequately exhausted under the Prison Litigation Reform Act and that there was otherwise no genuine material dispute as to Marley's failure to establish deliberate indifference as required for a *Bivens* claim and proximate cause as to the FTCA claim. *See generally Marley v. United States*, No. 18 CV 3495 (EK)(RML), 2022 WL 1183330 (E.D.N.Y. Apr. 20, 2022), *report and recommendation adopted*, 2022 WL 1720432 (E.D.N.Y. May 27, 2022).

Marley timely appealed. We assume the parties' familiarity with the underlying facts and the procedural history, which we recount only as necessary to explain our decision.[*]

---

[*] Marley's motion to expand the record on appeal is denied, as he has not shown the "extraordinary circumstances" necessary to augment the record with new evidence for the first time on appeal. *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015).

4

## I. Standard of Review

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We liberally construe the submissions of pro se litigants to raise the strongest claims they suggest. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam).

## II. Discussion

We agree with the district court that summary judgment was warranted on the merits.

### a. Bivens[*]

Since Marley was a pretrial detainee throughout the relevant events in this case, his claim is a Fifth Amendment due process claim, requiring deliberate indifference to his serious medical needs. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106–07 (2d Cir. 2000); *see also Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (describing differences between Eight Amendment and Fourteenth Amendment deliberate indifference tests). So long as the treatment provided was adequate, "the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Even malpractice—that is, medical negligence—does not itself rise to the level of deliberate indifference. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Viewing the evidence in the light most favorable to Marley, the record before the district court did not support a finding of deliberate indifference. Moreover, we do not see evidence of the staff purposely pursuing an ineffective

---

[*] As it did below, the Government contends that there is no *Bivens* remedy for a Fifth Amendment due process claim of deliberate indifference to serious medical needs. Because Marley's claims fail on other grounds, we "assume, without deciding" that his claim is "actionable under *Bivens*." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

course of treatment or choosing less-effective treatments for unsupported reasons. Accordingly, we agree with the district court that summary judgment was warranted on this claim.

### b. FTCA

FTCA claims are analyzed under substantive state law. *Gonzalez v. United States*, 80 F.4th 183, 193 (2d Cir. 2023) (citing *Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021)). The elements of negligence in New York are the existence of a duty that the defendant owed to the plaintiff, a breach of that duty, and that the breach of that duty was a proximate cause of the plaintiff's injuries. *Pasternack v Laboratory Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016).

At his deposition, Marley conceded that he knew the stairs were being mopped. Thus, any breach of a duty by MDC was not the proximate cause of Marley's injuries. We therefore agree with the district court that the record fails to create a genuine dispute of material fact to support a negligence claim against the United States.

* * *

We have considered Marley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Marley's pending motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8