■ JOHN HARRIS P.C., Appellant, v WILLIAM S. KRAUSS, Respondent. [928 NYS2d 295]—

The court erred in granting defendant's motion pursuant to CPLR 5015 (a) (1). Defendant did not submit competent evidence to establish either a reasonable excuse for the default or a meritorious defense. Defendant's affidavit submitted in support of the motion was not properly notarized, and therefore none of the allegations therein should have been considered by the motion court. Though the affidavit purports to be notarized by one "William E. Morris, notary public," Department of State records submitted by plaintiff indicate that no such person is licensed in New York as a notary public.

Defendant's status as an attorney cannot salvage the affidavit. While an attorney is entitled to "serve and file an affirmation bearing his signature alone in lieu of and with the same force and effect as an affidavit" under CPLR 2106, this provision is unavailing here because "even those persons who are statutorily allowed to use such affirmations cannot do so when they are a party to an action" (*Slavenburg Corp. v Opus Apparel*, 53 NY2d 799, 801 n [1981]).

Even if defendant's papers were procedurally proper, they do not establish a reasonable excuse or a meritorious defense necessary to vacate a default judgment. His failure to respond to the summons with notice was evidently a tactical decision. Though defendant alleges, on this motion, that he had disputed plaintiff's billings, the record does not reflect this. Indeed, defendant confirmed that he would pay amounts owing, without registering any objection to the amount stated.

We have considered the remaining contentions and find them

unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.