■ In the Matter of Imani W., a Child Alleged to be Neglected. Hilrett S., Appellant; Administration for Children's Services, Respondent. [986 NYS2d 124]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about June 7, 2013, which, upon a fact-finding determination that respondent mother neglected the subject child, released the child to the custody of her father with six months' supervision by petitioner agency, unanimously affirmed, without costs.

The finding that respondent neglected her infant daughter is supported by a preponderance of the evidence, which established that respondent engaged in acts of violence against the child's father in his apartment in the child's presence and that she left the child alone in her room in a shelter while she engaged in a verbal altercation with another shelter resident, resulting in her arrest (*see Matter of Nia J. [Janet Jordan P.]*, 107 AD3d 566, 567 [1st Dept 2013]; *Matter of Rosemary V. [Jorge V.]*, 103 AD3d 484 [1st Dept 2013]). Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.

■ Michael Chia Hock Meng, Appellant, v Julie Lynn Allen, Respondent. [985 NYS2d 875]—Appeal from order, Supreme Court, New York County (Laura Drager, J.), entered May 28, 2013, which sua sponte reinstated an order entered December 20, 2011 granting defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously dismissed, without costs, as taken from a nonappealable paper.

A sua sponte order is not appealable as of right (*Unanue v Rennert*, 39 AD3d 289, 290 [1st Dept 2007]), and this Court denied plaintiff's motion for leave to appeal. Plaintiff could move before the trial court to vacate the sua sponte order, and possibly appeal as of right from any subsequent denial of that motion (CPLR 5701 [a] [2], [3]), but he has not done so. Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.