■ BBCN Bank, Formerly Known as Nara Bank, Appellant, v 12th Avenue Restaurant Group, Inc., Doing Business as Hudson River Café, et al., Respondents, et al., Defendants. [41 NYS3d 226]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 5, 2015, which granted defendants 12th Avenue Restaurant Group, Inc., doing business as Hudson River Café, and Rafael Cepeda's motion to vacate a default judgment, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied. The Clerk is directed to enter judgment accordingly.

To vacate the default judgment, defendants were required to show a reasonable excuse for the default and a meritorious defense (see *John Harris P.C. v Krauss*, 87 AD3d 469 [1st Dept 2011]). The court abused its discretion in finding that defendants made these showings. With regard to reasonable excuse, defendants relied on law office failure. However, they failed to show that they even retained counsel for this, as opposed to another action. Further, while counsel passed away some two years into the case (or to take defendants' view, six months after he was retained) from a "long illness," defendants offered no evidence at all as to when counsel took ill or how and when that illness affected his ability to put in an answer. This speculation is insufficient to establish law office failure (see *Herbstein v Herbstein*, 44 AD3d 311 [1st Dept 2007]).

Defendants failed to establish a meritorious defense. Their claim that Cepeda never knew of the debt to plaintiff is belied by the asset purchase agreement which Cepeda signed and in which 12th Avenue acquired all of HRC's assets, and pursuant to which one half of the purchase price ($225,000) was to be conveyed by the assumption by 12th Avenue of the debt owed to plaintiff. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.