Beltran v Commercial Bldg. Maintenance Corp. (2022 NY Slip Op 04115)

Beltran v Commercial Bldg. Maintenance Corp.

2022 NY Slip Op 04115

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 654275/19 Appeal No. 16200 Case No. 2021-03409 

[*1]Joel Beltran et al., Plaintiffs-Appellants,
v
Commercial Building Maintenance Corp., Defendant, Carlton Campbell, Defendant-Respondent.

The Law Office of Justin A. Zeller, P.C., New York (John M. Gurrieri of counsel), for appellants.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 10, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for a default judgment against defendant Carlton Campbell and, on the court's own motion, dismissed the complaint as against him, unanimously affirmed, without costs.
The motion court correctly denied plaintiffs' renewed motion for a default judgment against defendant Carlton Campbell, as plaintiffs failed, as they had failed on the prior motion, to submit a verified complaint or an affidavit by a person with knowledge of the facts constituting the claim (see Beltre v Babu, 32 AD3d 722 [1st Dept 2006]; Utak v Commerce Bank Inc., 88 AD3d 522, 523 [1st Dept 2011]). Since plaintiffs' counsel's firm was also a party to this action, the submission of an affirmation, instead of an affidavit, by counsel was improper (LaRusso v Katz, 30 AD3d 240, 243 [1st Dept 2006]; John Harris P.C. v Krauss, 87 AD3d 469 [1st Dept 2011]).
To the extent plaintiffs object to the motion court's sua sponte dismissal of the action, their proper course was to move that court to vacate the order or to seek leave to appeal from this Court, since there is no appeal as of right from a sua sponte order (Meng v Allen, 117 AD3d 621 [1st Dept 2014]). In light of counsel's repeated failure to properly prosecute this action, which would largely benefit his law firm, this Court will not deem the notice of appeal a motion for leave to appeal in the interest of justice (see New Globaltex Co., Ltd. v Zhe Lin, 173 AD3d 434 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022