Indymac Bank, F.S.B. v Baroi (2023 NY Slip Op 01142)

Indymac Bank, F.S.B. v Baroi

2023 NY Slip Op 01142

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 381386/08 Appeal No. 17437 Case No. 2019-03985 

[*1]Indymac Bank, F.S.B., Plaintiff-Appellant,
v
Albert S. Baroi, et al., Defendants, Birchall Ave, LLC, Proposed Intervenor-Respondent.

Goodwin Procter LLP, New York (Allison M. Funk of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens (Matthew J. Routh of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris Gonzalez, J.) entered on or about July 16, 2019, which denied the motion of Federal National Mortgage Association (Fannie Mae), as successor in interest to plaintiff Indymac Bank, F.S.B. (collectively plaintiff), to vacate the dismissal of the action, restore the matter to the court's active calendar, substitute Fannie Mae as plaintiff, and amend the caption, unanimously affirmed, without costs.
Plaintiff argues that because proposed intervenor Birchall Ave, LLC is not a party and did not appeal the motion court's denial of its motion to intervene, we should disregard Birchall's arguments and strike its brief. We decline to consider plaintiff's argument, which it raises for the first time in its reply brief. Plaintiff knew before the filing of its reply brief that that Birchall intended to participate in the appeal, and indeed, included Birchall's name as a respondent (see Simon v FrancInvest, S.A., 192 AD3d 565, 569 [1st Dept 2021], appeal dismissed, 37 NY3d 1005 [2021]).
As to the merits of the appeal, Supreme Court providently exercised its discretion in denying the motion, as plaintiff submitted no competent evidence showing either a reasonable excuse for its failure to appear at a mandatory court conference or a meritorious cause of action (see Mediavilla v Gurman, 272 AD2d 146, 148 [1st Dept 2000]). Even had plaintiff provided a reasonable excuse for its failure to appear — and it did not — it failed to demonstrate whether the mortgagor defaulted on its loan; not only is that matter central to the merit of plaintiff's case, but plaintiff should readily have been able to provide evidence of it (see John Harris P.C. v Krauss, 87 AD3d 469, 469 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023